IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **Travis Lamar Bowser, #288475,** | ) | **Case No. 2:16-cv-319-BHH-MGB** |
| | ) | |
| **Petitioner,** | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| **LeVern Cohen, Warden of Ridgeland Correctional Institution,** | ) ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

Travis Lamar Bowser ("Petitioner") has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. (DE# 1). Petitioner is proceeding *pro se* and *in forma pauperis*. Petitioner is a state prisoner, and thus, is entitled to the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was deemed "filed" at the moment of delivery to prison authorities for forwarding to the court). Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

On March 17, 2016, this Court entered a Show Cause Order (DE# 7), giving Petitioner twenty-one (21) days (plus three days for mail time) to file a factual explanation as to why his petition should not be dismissed as time-barred, based on the applicable one-year period of limitations. See 28 U.S.C. § 2244(d). Petitioner asked for, and was granted, an extension of time in which to respond. On May 9, 2016, Petitioner mailed a hand-written, unsigned response to the Court's Show Cause Order. Having carefully reviewed the record and applicable authority, the Magistrate Judge recommends that the Petition should be **dismissed with prejudice** for the following reasons:

**I. Background**

Petitioner indicates (and state records confirm) that on October 30, 2002, he pleaded guilty in the Chester County Court of Common Pleas and was convicted of three counts of armed robbery.[1] The state court sentenced him to a total of twenty (20) years imprisonment. Petitioner indicates he did not appeal. (DE# 1, ¶ 8).

Petitioner indicates he filed a first application for state post-conviction relief ("PCR") on January 24, 2003. (*Id*. at ¶ 11(a)(3)). State records indicate that such PCR application was filed on January 29, 2003. See Chester County Court of Common Pleas, Case No. 2003-CP-1200032. The state court held a hearing on the PCR application. Petitioner indicates that the state court denied relief on March 9, 2010, (*Id*. at ¶ 11(a)(8)), but state records indicate that the state court dismissed Petitioner's PCR application on March 17, 2010. Petitioner indicates that he did not appeal such dismissal. (*Id*. at ¶ 11(b)(5)).[2]

Petitioner indicates that over three years later, he filed a second PCR application. (*Id*. at ¶ 11(b)(3, 8)). See Chester County Court of Common Pleas, Case No. 2003-CP-1200173. Although Petitioner indicates he filed it on April 3, 2013, state records indicate the second PCR was filed on April 12, 2013. The state court dismissed this second PCR application pursuant to Rule 41 on August 29, 2014, and remittitur from the South Carolina Supreme Court was filed on December 10, 2015.

Petitioner indicates that on January 28, 2016, he placed the present federal petition for habeas corpus in the prison mail system. (*Id*. at 15).

---

[1] See http://publicindex.sccourts.org/Chester/PublicIndex/PISearch (site last checked May 12, 2016).

[2] With respect to the lengthy delay in adjudication of his first PCR application, Petitioner attaches a transcript page from his PCR hearing on February 3, 2010, where state counsel indicated that "our office did not receive it until May 4th of 2009." (DE# 12-1). No other reason for the delay is in the record. Petitioner has been given full benefit of statutory tolling while such application was pending.

**II. Discussion**

Review of the petition reflects that the Petitioner has not timely filed the instant § 2254 petition. *See Day v. McDonough*, 547 U.S. 198, 208 (2006) (a district court may *sua sponte* consider the timeliness of a § 2254 habeas petition). The Complaint Form requests information concerning the timeliness of filing of the § 2254 petition, as follows:

> TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.

The question ends with a footnote that contains the relevant part of 28 U.S.C. § 2244(d), as follows:

> The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:
>
> (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id*. Petitioner responded that "one has to exhaust state court remedies prior to seek[ing] § 2254 habeas relief." (DE# 1, ¶ 18). While the Petitioner's general statement is correct, see 28 U.S.C. § 2254(b)(1)(A), such response does not directly address the timeliness issue.

A § 2254 habeas petition must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), unless one of the other circumstances enumerated by the statute is present and starts the clock running at a later date. Petitioner has not shown that he filed his petition within one year after his judgment became final. Petitioner has also not shown that "one of the other circumstances enumerated by the statute" would apply.

In the present case, Petitioner was convicted on October 30, 2002 and did not appeal. In South Carolina, if a defendant wishes to appeal his criminal conviction, he must file a notice of direct appeal within ten days after sentencing. See Rule 203(b)(2) of the South Carolina Appellate Court Rules ("SCACR") ("After a plea or trial resulting in conviction or a proceeding resulting in revocation of probation, a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed."); *see, e.g., Lewis v. Cartledge*, Case No. 1:12-cv-2584-SB-SVH, 2014 WL 517469 (D.S.C. Feb. 6, 2014), *appeal dism'd*, 575 F.App'x, 113 (4th Cir. 2014) (citing Rule 203(b)(2) and holding that "if a defendant does not file a direct appeal, then his conviction becomes final ten days after the adjudication of guilt"). Under such rule, Petitioner's conviction was final on November 9, 2002.

The time from November 9, 2002 until the date Petitioner filed his first PCR application on January 29, 2003 (a total of 80 days) was not tolled. This means it counted toward the one-year period of limitations. The one-year period of limitations was then statutorily tolled until review of such PCR application concluded. See 28 U.S.C.A. § 2244(d)(2) (one-year limitations period is

tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending").[3]

In this case, the state court denied PCR relief on March 17, 2010, and Petitioner did not appeal. Hence, PCR review concluded thirty (30) days later when the time for appealing expired. See Rule 203(b)(1), SCACR") ("A notice of appeal shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment."). Petitioner's untolled time began running again on April 17, 2010. *See Harris v. Hutchinson*, 209 F.3d 325, 327 (2000). ("Upon final disposition of the state post-conviction proceeding, the running of the § 2244(d) one-year period resumes.").

Nearly three years later (1,090 days) on April 12, 2013, Petitioner filed a second PCR application.[4] The state court dismissed the application pursuant to Rule 41 on August 29, 2014. Remittitur from the South Carolina Supreme Court was issued on December 10, 2015. If this second PCR application was "properly filed" for purposes of 28 U.S.C.A. § 2244(d)(2), the time from April 12, 2013 to December 10, 2015 would be tolled for purposes of the one year period of limitations.[5] *See, e.g., Beatty v. Rawski,* 97 F.Supp.3d 768 (D.S.C. July 12, 2015) ("One-year

---

[3] This "includes all state-court proceedings from initial filing to final disposition by the highest state court." *Harris*, 209 F.3d at 327 (quoting *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999), *cert. denied*, 528 U.S. 1197 (2000). For PCR proceedings, "neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." *Crawley v. Catoe*, 257 F.3d 395, 399 (4th Cir. 2001), *cert. denied*, 534 U.S. 1080 (2002).

[4] An application for PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C.Code Ann. § 17–27–45); *see e.g., Deas v. Reynolds*, Case No. 5:15-02343-PMD-KDW, 2016 WL 2642107 (D.S.C. April 15, 2016).

[5] A state collateral proceeding must be "properly filed" for section 2244(d)(2) to apply. The United States Supreme Court has explained that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings….for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226  2002)).

limitations period for filing federal habeas petition remained tolled until remittitur on appeal from denial of post-conviction relief was filed"). Although the second PCR application does not appear to have been "properly filed" for purposes of § 2244(d)(2), the record reflects that even if Petitioner is also given the benefit of statutory tolling for this second PCR application, it would not affect the analysis. Over three years of untolled time had already passed when it was filed. After remittitur was filed, an additional 49 days of untolled time then passed before Petitioner filed this federal habeas petition on January 28, 2016.

Petitioner's § 2254 petition is not timely. Over three years of untolled time passed before the Petitioner filed this federal habeas petition. Even giving Petitioner the benefit of statutory tolling (for the time that both his PCR applications were pending) and giving him the benefit of the prisoner "mailbox rule," the amount of untolled time would still total approximately 1,219 days. The record reflects that this § 2254 federal habeas petition is time-barred because Petitioner filed it after more than one year of untolled time had passed since his conviction was final.

Petitioner has provided no basis for equitable tolling or other exception in his petition. Despite notice and opportunity to respond, Petitioner has provided no basis for equitable tolling in his response to the Show Cause Order. A petitioner is entitled to equitable tolling only if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010); *see also McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013) (discussing actual innocence as an "equitable exception" to § 2244(d)(1)); *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003), *cert. denied*, 541 U.S. 905 (2004). Petitioner has not shown that he has been pursuing his rights diligently. Petitioner also has not pointed to any "extraordinary circumstance" that prevented him from timely filing his federal petition during the applicable limitations period.

Petitioner has shown no basis for equitable tolling (and none is apparent from the record). In his response to the Show Cause Order, Petitioner generally alleges that he has been "striving to get all the proper paper work to file on time." (DE# 12 at 2). This conclusory allegation does not demonstrate that Petitioner has been pursuing his rights diligently. Petitioner was convicted in 2002, but did not file this federal habeas petition until over thirteen years later in 2016. In response to the Show Cause Order, Petitioner attached a single page from his PCR hearing on February 3, 2010, where state counsel indicated that adjudication of Petitioner's initial PCR application had been delayed because "our office did not receive it until May 4th of 2009." (DE# 12-1). While the delay in his first PCR case is unfortunate, Petitioner has been given full benefit of tolling for all of that time here. Nonetheless, such tolling does not render his federal petition timely.

To the extent that the Petitioner may be proceeding on a misapprehension that the one-year period did not begin to run until the date that state review concluded on his second PCR application (remittitur filed December 10, 2015), the Fourth Circuit Court of Appeals has rejected such interpretation. *See Harris*, 209 F.3d at 327 (rejecting argument "that the one-year period [for filing of federal habeas petition] does not commence until the conclusion of state post-conviction proceedings"). A mistaken interpretation by Petitioner would not provide a basis for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("Sosa's misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control").

In sum, review of the record indicates that Petitioner filed for federal habeas relief pursuant to 28 U.S.C. § 2254 after more than one year of untolled time passed. Petitioner was given notice and opportunity to respond to this Court's Show Cause Order. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002) (holding that courts have discretion to *sua sponte* dismiss habeas petition for

untimeliness, after notice and opportunity to respond is provided). Petitioner has shown no grounds for equitable tolling that would render his federal habeas petition timely. Therefore, this Petition should be dismissed as time-barred.

### III. Certificate of Appealability ("COA")

Having determined that the Petition is subject to dismissal, the Court next considers whether Petitioner is entitled to a certificate of appealability ("COA"). Rule 11 of the Rules Governing Section 2255 Cases provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a petition is dismissed on the merits, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller–El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where the petition is dismissed on procedural grounds, a COA will not issue unless the petitioner demonstrates both (1) that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right, and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Gonzalez v. Thaler*, 132 S.Ct. 641, 648 (2012).

Here, the record shows that more than three years of untolled time passed after Petitioner's conviction was final. Therefore, under existing case law, the petition is plainly time-barred. The Magistrate Judge recommends that jurists of reason would not find it debatable whether such procedural ruling is correct.

### IV. Recommendation

Accordingly, the Magistrate Judge **RECOMMENDS** that the Petition (DE#1) should be **<u>dismissed with prejudice</u>** as time-barred and that the Petitioner is not entitled to a certificate of appealability.

**IT IS SO RECOMMENDED.**

*[signature]*
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

May 16, 2016
Charleston, South Carolina

Petitioner's attention is directed to the **<u>important notice</u>** on the following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).