UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Travis Lamar Bowser, #288475,<br><br>Petitioner,<br><br>vs.<br><br>LeVern Cohen, Warden of Ridgeland Correctional Institution,<br><br>Respondent. | Civil Action No.: 2:16-cv-319-BHH<br><br>**Opinion and Order** |

This matter is before the Court upon the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 17), which recommends that the § 2254 petition be dismissed *with prejudice* as time barred. For the reasons set forth below, the Court agrees with the Report and dismisses the petition *with prejudice*.

## **BACKGROUND**

Petitioner, Travis Lamar Bowser, a state prisoner confined at Ridgeland Correctional Institution, who is proceeding *pro se,* brought this action pursuant to 28 U.S.C. § 2254 alleging violation of his 5th and 14th Amendment rights, and ineffective assistance of trial counsel. (ECF No. 1.)

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the case was assigned to Magistrate Judge Mary Gordon Baker. On May 16, 2016, the Magistrate Judge issued a Report recommending that the § 2254 petition be dismissed *with prejudice* as time barred. Petitioner has filed no objections and the time for doing so expired on June 3, 2016. (ECF No. 17.)

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

After a careful review of the record, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error. Accordingly, the Court adopts and incorporates the Report and Recommendation (ECF No. 17) by reference into this Order. It is therefore ORDERED that this action is DISMISSED *with prejudice* as time barred.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims to be debatable or wrong, and that any dispositive procedural ruling by the Court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

July 29, 2016
Greenville, South Carolina

*****

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3